```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 8:13-cv-973-T-33AEP

JACOB A. FREEDLUND,

        Defendant.
_____/

### **ORDER**

This cause is before the Court pursuant to the Government's Motion for Entry of Default Judgment (Doc. # 9), which was filed on June 26, 2013. For the reasons that follow, the Court grants the Motion.

### **I.**   **Default**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may then enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

However, the mere entry of a default by the Clerk does

not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On April 17, 2013, the Government filed its Complaint against Defendant Jacob Freedlund containing a single count for failure to pay, pursuant to 28 U.S.C. § 1345. (Doc. # 1). Within the Complaint, the Government alleged that Defendant owes a debt to the United States amounting to $8,559.45 in principal and $6,195.19 in accrued interest, for a total of $14,754.64. (Id. at 1). The Government additionally attached to the Complaint a Certificate of Indebtedness certifying the amount of Defendant's debt according to U.S. Department of Education records. (Doc. # 1-1 at 1).

The Government effected service of process on Defendant on April 23, 2013. (Doc. # 6). Defendant failed to file a responsive pleading. On May 14, 2013, the Government filed a

motion for Clerk's default. (Doc. # 7). The Clerk entered a default as to Defendant pursuant to Rule 55(a) on May 15, 2013. (Doc. # 8). On June 26, 2013, the Government filed the instant Motion for Entry of Default Judgment (Doc. # 9) and attachments including an Affidavit of Attorney Fees (Id. at 6) and the Declaration of Steven M. Davis, Esq. (Id. at 8).

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the Certificate of Indebtedness, the Declaration of Steven M. Davis, and the Motion, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed. The Government is entitled to a judgment against Defendant in the amount of $16,324.97, consisting of $8,559.45 in unpaid principal, plus $6,385.52 in interest at the rate of 5.010% through June 26, 2013, per annum to the date of this judgment, together with a fee for service and travel, per 28 U.S.C. § 1921, of $40.00, plus attorney fees of $1,340.00. This amount is capable of accurate and ready mathematical computation or ascertainment from the declarations and exhibits filed by the Government.

Accordingly, the Court directs the Clerk to enter a final default judgment against Defendant and in favor of the Government in the amount of $16,324.97.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Government's Motion for Entry of Default Judgment (Doc. # 9) is **GRANTED.**

(2) The Clerk is directed to enter judgment against Defendant in the amount of $16,324.97. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

(3) The Clerk shall thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

          Jacob A. Freedlund
          7008 Fountain Ave.
          Tampa, FL 33634